LEON BEEKMAN, etc., Appellant, *v.* MAX CLAMAN and Others, Respondents, and ARTHUR E. EMERY and Another, Defendants.

Supreme Court, Appellate Term, First Department, May 10, 1935.

*Hayt & Greenwald,* for the appellant.

*Daniel Mungall,* for the respondents.

PER CURIAM. There were questions for the jury as to whether the Clamans employed Emery and authorized the hospital, either orally or in writing, to treat him. If he was injured while in their employ, it was their duty under the statute (Workmen's Comp. Law, § 13) to provide medical attendance. The obligation to pay for such attendance was not that of another and the Statute of Frauds had no application. The fact that the employee's claim was subsequently disallowed by the State Industrial Board, because not filed within the statutory period, does not relieve the employer of his obligation to pay a third person who furnishes medical services on the employer's authorization and without knowledge of any disallowance of the employee's claim.

Bohlen might be liable for breach of warranty of agency in signing Claman s name if the name was signed without authority and thereby the Clamans escape liability.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, HAMMER, CALLAHAN and SHIENTAG, JJ.